FILED

AUG 2 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES ROYALL
12703 Radburn Place
Fort Washington, Maryland 20744

    Plaintiff

    v.

NATIONAL ASSOCIATION OF
LETTER CARRIERS, AFL-CIO
100 Indiana Avenue, N.W.
Washington, D.C. 20001-2144

    Defendant

CASE NUMBER 1:05CV01711

JUDGE: Reggie B. Walton

DECK TYPE: Employment Discrimination

DATE STAMP: 08/26/2005

## COMPLAINT FOR DISCRIMINATION IN EMPLOYMENT

### JURISDICTION

1. This is a claim arising under a statute of the United States in which Plaintiff Charles Royall alleges his contractual relationship with Defendant National Association of Letters Carriers, AF was terminated because of his race, which is African American, in violation of 42 U.S.C. §1981.

### VENUE

2. Plaintiff was employed by Defendant within this judicial district and all acts and omissions constituting violations of 42 U.S.C. §1981 occurred or failed to occur within this judicial district. Accordingly, venue lies within this judicial district.

### PARTIES

3. Plaintiff Charles Royall (herafter "Plaintiff" or "Mr. Royall") is an adult African-American male domiciled and residing in the State of Maryland.

4. He was, at all times relevant to this Complaint, an employee of Defendant National Association of Letter Carriers, AFL-CIO.

5. Defendant National Association of Letter Carriers, AFL-CIO (hereafter "NALC") is headquartered in and does business in the District of Columbia. At all times relevant to this Complaint it employed Mr. Royall in the District of Columbia.

## COUNT I

6. Mr. Royall was hired by NALC on or about February 24, 2002 as an accounting manager. At the time he was hired Plaintiff had approximately 30 years of accounting experience.

7. Mr. Royall consistently performed his assigned duties in a manner acceptable to Defendant; and on several occasions was complimented for his performance. He was never disciplined, and, prior to his termination, the quality or quantity of his work was never criticized.

8. On or about August 29, 2002, Mr. Royall's employment was terminated.

9. NALC Secretary-Treasurer Jane Broendel informed Mr. Royall that he was being terminated because he wasn't doing his job.

10. The reason stated by Secretary-Treasurer Broendel was false.

11. Approximately two weeks after Mr. Royall's employment was terminated the Comptroller, Ron Stubblefield, who is also an African American, was terminated.

12. Mr. Stubblefield was terminated by Secretary-Treasurer Broendel because he ostensibly "didn't fit in".

13. The reason stated by Secretary Treasurer Broendel was false.

14. Plaintiff was replaced by a White male, viz., Frank Scalfini.

15. Mr. Stubblefield was at first replaced by a White male, viz., Jim Delio. Mr Delio

held the position for a matter a weeks after which it was filled by a White female, viz., Carol Estabrook

16. As the direct and proximate result of the acts and omissions of Defendant as described above, Plaintiff suffered loss of pay and benefits, including, but not limited to, pension and retirement benefits; diminished future earning capacity; emotional pain and suffering; inconvenience; mental anguish; loss of enjoyment of life; and other nonpecuniary losses.

**WHEREFORE**, Plaintiff prays this Court, as to Count I to:

1. grant judgment in his favor and against Defendant;

2. grant him declaratory and injunctive relief, including resinstatement to the position he previously held with Defendant

3. award him back pay, compensate him for lost benefits, and otherwise make him whole;

4. award him compensatory and punitive damages in an amount to be shown at trial;

5. award his costs and attorneys' fees incurred in bringing and maintaining this action; and

6. grant him such other and further relief as justice may require.

Respectfully submitted,

Thomas J. Gagliardo
Attorney for Plaintiff
8401 Colesville Road, Suite 315
Silver Spring, Maryland 20910-3312
301/589-1900 FAX 301/589-1985

Bar # 192575

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Thomas J. Gagliardo