IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------- x

:

CHARLES ROYALL,                                           :

                                                         :

                               Plaintiff,                :

                                                         :              Civil Action No. 1:05 CV
                                                         :              01711 (RBW)
          - v. -                                         :

                                                         :

NATIONAL ASSOCIATION OF LETTER                           :

CARRIERS, AFL-CIO,                                       :

                                                         :

                               Defendant.                :

                                                         :

---------------------------------------------------------------- x

## ANSWER OF DEFENDANT NATIONAL
## ASSOCIATION OF LETTER CARRIERS, AFL-CIO

        Defendant National Association of Letter Carriers, AFL-CIO ("NALC") responds to

the complaint as follows:

        1.       Defendant avers that paragraph 1 sets forth a description of the action to

which no responsive pleading is required.  To the extent a response is required, the allegations are

denied.

        2.       Defendant avers that paragraph 2 sets forth conclusions of law to which no

responsive pleading is required.  To the extent a response is required, the allegations are denied.

        3.       Defendant denies knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 3, except admits on information and belief that plaintiff is an

adult African-American male.

        4.       Defendant admits that at certain relevant times, plaintiff was an employee of

NALC and otherwise denies the allegations of paragraph 4.

        5.       Defendant admits that NALC is headquartered in the District of Columbia and

at certain times employed plaintiff in the District of Columbia, and otherwise denies the allegations of paragraph 5.

6.    Defendant admits that NALC hired plaintiff as an accounting manager on February 25, 2002, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 6.

7.    Defendant denies that plaintiff consistently performed his assigned duties in a manner acceptable to NALC and that, prior to his termination, his work was never criticized. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff on several occasions was complimented for his performance and admits that prior to his termination plaintiff was never disciplined during his employment with NALC.

8.    Defendant admits that it terminated plaintiff's employment on August 27, 2002.

9.    Defendant denies the allegations of paragraph 9.

10.    Defendant denies the allegations of paragraph 10.

11.    Defendant admits that it terminated Mr. Stubblefield's employment as Director of Finance, denies knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Stubblefield is an African-American, and otherwise denies the allegations of paragraph 11.

12.    Defendant denies the allegations of paragraph 12.

13.    Defendant denies the allegations of paragraph 13.

14.    Defendant denies the allegations of paragraph 14.

15.    Defendant denies the allegations of paragraph 15.

16.    Defendant denies the allegations of paragraph 16.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is time-barred.

## THIRD AFFIRMATIVE DEFENSE

The claim is barred by laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his alleged damages, any entitlement to which is expressly denied.

WHEREFORE, Defendant NALC respectfully requests that the Court enter a judgment dismissing the complaint, awarding NALC its attorneys' fees and costs, and providing such other and further relief as the Court deems just and proper.

Dated:  November 18, 2005

 /s/ Peter Herman
Peter Herman
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100

 /s/ Victoria L. Bor
Victoria L. Bor (Bar No. 288852)
SHERMAN, DUNN, COHEN, LEIFER &
    YELLIG, P.C.
900 Seventh Street, N.W., Suite 1000
Washington, DC 20001
(202) 785-9300

Attorneys for Defendant